UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 13-137** |
| **JAVON PATTERSON, ET AL.** | **SECTION: "H"(1)** |

### ORDER AND REASONS

Before the Court is a Motion for Review of Release Order (R. Doc. 172).  As explained more fully below, the Magistrate Judge assigned to this case lacked authority to order the release of Defendant Javon Patterson.  Accordingly, the Motion is GRANTED.

### BACKGROUND

On August 2, 2013, a federal grand jury in the Eastern District of Louisiana returned a seventeen-count indictment charging Patterson and others with violations of the Federal Controlled Substances Act, 21 U.S.C. § 841, *et seq.*  Patterson was arrested in Texas and made his

1

initial appearance in the Southern District of Texas on August 15, 2013. Four days later, Magistrate Judge Nancy Robinson held a detention hearing. Patterson was present and represented by counsel. At the conclusion of the proceedings, Magistrate Judge Robinson ordered that Patterson be detained pending trial. Patterson was subsequently transported to the Eastern District of Louisiana.

On September 5, 2013, Patterson made his initial appearance in the Eastern District of Louisiana. Patterson appeared for a detention hearing before Magistrate Judge Sally Shushan on September 11, 2013. Magistrate Judge Shushan ordered Patterson's release from custody, subject to various conditions. The Government filed the instant Motion on September 16, 2013.

**LAW AND ANALYSIS**

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, provides two mechanisms for challenging a detention order prior to review by a court of appeals—18 U.S.C. §§ 3142(f) and 3145(b). *See United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003). Magistrate Judge Shushan lacked authority to order Patterson's release under either provision.[1] Accordingly, the instant Motion is granted.

---

[1] The record is unclear whether Magistrate Judge Shushan invoked Section 3142(f) or Section 3145(b) as the basis for her decision.

2

I.  18 U.S.C. § 3142(f)

A criminal defendant awaiting trial is entitled to a hearing prior to the issuance of a detention order.  18 U.S.C § 3142(e).  A "judicial officer" shall determine at the hearing whether any combination of conditions will reasonably assure both the defendant's appearance before the court and the safety of the community.  18 U.S.C. § 3142(f).  Section 3142(f) provides the following mechanism for review of an initial detention order:

> The hearing may be reopened, before or after a determination *by the judicial officer*, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f) (emphasis added).

The issue before the Court is whether a magistrate judge in the charging district is a "judicial officer" that may "reopen" a detention hearing held by a magistrate judge in the arresting district.  Although the Fifth Circuit has not yet addressed this issue, a decision from the Tenth Circuit provides guidance.

In *United States v. Cisneros*, the defendant was arrested in Arizona on the basis of a federal indictment returned in New Mexico.  328 F.3d at 612.  A magistrate judge in Arizona held a detention hearing and released the defendant on her own recognizance.  *Id.*  The defendant was subsequently arraigned before Magistrate Judge Don Svet in New Mexico, who "adopted" the

3

release conditions imposed by the magistrate judge in Arizona. *Id.* at 612–13. Approximately one month later, the Government moved Magistrate Judge Svet to revoke the defendant's release order. *Id.* at 613. Magistrate Judge Svet held a hearing, during which he considered the transcripts of the Arizona detention hearing, as well as additional evidence introduced by the government. *Id.* At the conclusion of the hearing, Magistrate Judge Svet granted the government's motion and ordered that the defendant be detained pending trial. *Id.* The defendant appealed this decision to a New Mexico district judge who, after conducting a hearing, affirmed. *Id.*

The question arose on appeal whether the government's motion before Magistrate Judge Svet invoked Section 3142(f) or Section 3145. *Id.* at 614. The Tenth Circuit held that "review of a detention or release order" under Section 3142(f) may only be "conducted by the same judicial officer who entered the order." *Id*. Accordingly, because the challenged release order was issued by a magistrate judge in Arizona and reviewed by a judge in New Mexico, the court concluded that Section 3142(f) could not have been the basis for the government's motion. *Id.*

The facts in the case *sub judice* closely resemble those in *Cisneros*. Here, as in *Cisneros*, a judge in the charging district has reviewed an order issued by a judge in the arresting district. Because a hearing may only be "reopened" by the same judicial officer who initially held it, Section 3142(f) does not provide the requisite authority for Magistrate Judge Shushan's order of release. This Court's conclusion finds further support in district court decisions outside the Tenth Circuit, which have adopted the reasoning in *Cisneros*. *See, e.g.*, *United States v. Cannon*, 711 F. Supp. 2d

4

602, 606–07 (E.D. Va. 2010) (finding that Section 3142(f) "provides for the reconsideration of a detention order only by the same judicial officer that conducted the original detention hearing"); *United States v. Luisa*, 266 F. Supp. 2d 440, 447 n.3 (W.D. N.C. 2003) (finding that Section 3142(f) applies only "when an order of detention is 'reopened' before the same judicial officer who made the initial determination").

II.	18 U.S.C. § 3145(b)

The second mechanism for challenging a detention order is found in Section 3145(b), which provides as follows:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

The statute is unclear which court(s) has "original jurisdiction over the offense." The Fifth Circuit has not yet addressed this issue. The vast majority of circuits to consider the issue have held that Section 3145(b) limits review to courts in the district in which charges are pending. *See United States v. Vega*, 438 F.3d 801, 803 (7th Cir. 2006) (collecting cases).

Having determined that Section 3145(b) is the proper mechanism for review, the Court next inquires who may conduct that review, *i.e.*, whether it is proper for a magistrate judge to review

5

a detention or release order issued by a different magistrate judge in a different district.[2] The Tenth Circuit addressed this issue in *Cisneros*, holding that it was improper for Magistrate Judge Svet to review a release order issued by a magistrate judge in a different district. 328 F.3d at 615–16. The court explained that the motion should have been "considered and ruled upon in the first instance by a district judge in the court of original jurisdiction." *Id.* at 615 (citations omitted).

The Court finds the holding in *Cisneros* persuasive. Although *Cisneros* interpreted Section 3145(a)—which addresses review of a release order—the operative language of Section 3145(b) is virtually identical. Both Sections authorize a district judge to review a magistrate judge's order but do not confer this "same authority upon a magistrate judge in the charging district when the challenged order was issued by a magistrate judge in the arresting district." *See Cisneros*, 328 F.3d at 615–16 (quoting *United States v. Johnson*, 858 F. Supp. 199, 122 (N.D. Ind. 1994)). This distinction suggests that Congress did not intend to cloak magistrate judges with the authority to review the detention or release orders of other judges. *See Cannon*, 711 F. Supp. 2d at 608. Moreover, the proposed construction of Section 3145 properly allocates supervisory authority over magistrate judge decisions to the district judge. *See Cisneros*, 328 F.3d at 616 ("The hierarchy

---

[2] Section 3145(b) appears to require that review be initiated upon motion of the parties. Thus, this case raises the additional issue of whether the reviewing judge may invoke this Section *sua sponte*. Most circuits to consider the issue have held that *sua sponte* review is proper. *See Cisneros*, 328 F.3d at 616 (citation omitted); *United States v. Travis*, 129 F.3d 1266, at *1 (6th Cir. 1997) (unpublished) (collecting cases). The Court need not decide this issue today. Even assuming *arguendo* that review may be initiated by the trial court, it may not be conducted by a magistrate judge.

suggested by § 3145(a) is consistent with the ultimate decision-making power and continuing jurisdiction over the actions of magistrate judges that district court judges possess.") (citations omitted).

The Court's interpretation of Section 3145 is also consistent with the review process contemplated by the Bail Reform Act. The statutory scheme provides for a maximum of two detention hearings. *Cannon*, 711 F. Supp. 2d at 607. The first occurs at the initial appearance (or shortly thereafter). *Id.* This hearing requires the presiding judge to make an initial determination whether the defendant is a flight risk or a danger to the community. *See* 18 U.S.C. § 3142(f). As discussed *supra*, the initial decision to retain or release the defendant can be reviewed under two circumstances: (1) when the judge who made the initial decision "reopens" the detention hearing, *id.*, or (2) upon motion by either party in the charging district, 18 U.S.C. § 3145(a)–(b). *See also Cannon*, 711 F. Supp. 2d at 607. Allowing a magistrate judge to review the decision of another magistrate would essentially afford a party "three bites at the apple rather than the two bites contemplated by the Bail Reform Act." *Id.* at 607–08 (internal quotation marks omitted). The party could seek a detention hearing before the magistrate judge in the arresting district, before the magistrate judge in the charging district, and then on appeal before the district judge in the charging district.[3] If Congress intended to provide a third bite at the apple based solely on whether

---

[3] Because the district judge is required to review the magistrate judge's decision *de novo*, the district judge can, but need not, hold another detention hearing. *See United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985) (finding that *de novo* review is appropriate under Section 3145(a) and Section 3145(b)).

7

the defendant was arrested outside of the charging district, "the Bail Reform Act would provide as much." *Id.* at 608.

## CONCLUSION

For the reasons previously stated, Magistrate Judge Shushan lacked authority under 18 U.S.C. § 3142(f) and 18 U.S.C. § 3145(b) to hold a detention hearing or otherwise review the detention order of another magistrate judge. Accordingly, the instant Motion is GRANTED and Patterson is hereby REMANDED to the custody of the Attorney General for confinement in a correctional facility pending trial. Nothing in this Order precludes Patterson from seeking review of Magistrate Judge Robinson's detention order before the undersigned.[4]

New Orleans, Louisiana, this 24th day of September, 2013.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[4] In his opposition memorandum to the instant Motion, Patterson moves this Court in the alternative to revoke the detention order issued by Magistrate Judge Robinson. Under the Local Rules for the Eastern District of Louisiana, however, an opposition memorandum to one motion cannot be dually considered as a separate motion. All contested motions must be filed separately and noticed for submission.